[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 10, 1997
The plaintiff brought a six-count complaint against the defendants arising out of its claim for fees for certain medical services rendered by it. The court, Booth, J., entered judgment for the plaintiff on five of the six counts in the total amount of $2,627.73 and ordered weekly payments of $15.00 per week commencing January 8, 1996. The court also rendered judgment for the plaintiff on the defendants' two counterclaims. Costs in the amount of $212.00 were CT Page 674-U taxed by the clerk. The parties agree that subsequent to the entry of judgment, the defendants have without fail paid the court-ordered $15.00 per week payment toward the judgment. On October 30, 1996, however, the plaintiff obtained a bank execution from the court, and the defendants have now moved for an exemption from this execution based on their undisputed claim that they have been current in making their weekly court-ordered payments. The defendants claim exemption in the amount of $44.82 in New Haven Savings Bank Account # 19-19014929 and in the amount of $584.42 in New Haven Savings Bank Checking Account #0519031786.
The defendant acknowledges that faithful payment of the court-ordered weekly payment is not within the recognized exemptions to a property execution contained within General Statutes § 52-352b.
General Statutes § 52-367b provides, in pertinent part:
 Sec. 52-367b. Execution against debts due from banking institution. Natural person as debtor. (a) Exempt debts. Execution may be granted pursuant CT Page 674-V to this section against any debts due from any banking institution to a judgment debtor who is a natural person, except to the extent such debts are protected from execution by Sections 52-352a, 52-352b, 52-352c, of the general statutes revised to 1983, 52-354 of the general statutes revised to 1983, 52-361 of the general statutes revised to 1983 and Section 52-361a, as well as any other laws or regulations of this state or of the United States which exempt such debts from execution.
No claim has been made that any of the statutory provisions referenced in that subsection are applicable to the defendants in this case.
General Statutes § 52-356d provides that:
 Sec. 52-356d. Instalment payment order. (a) When a judgment is rendered against a natural person, the judgment creditor or judgment debtor may move the court for an order for instalment payments in accordance with a money judgment. After hearing and consideration of the judgment debtor's financial circumstances, the court may order instalment payments reasonably calculated to facilitate CT Page 674-W payment of the judgment.
 (b) In the case of a consumer judgment, the court may provide that compliance with the instalment payment order, other than with an order for nominal payments pursuant to subsection (c) of this section shall stay any property execution or foreclosure pursuant to that judgment, provided such a stay is reasonable considering the nature of the debt and the financial circumstances of the judgment debtor.
 (c) Notwithstanding the hearing requirement of subsection (a) of this section, on motion of the judgment creditor for an order of nominal payments, the court shall issue ex parte, without hearing, an order for nominal instalment payments. The amount which shall constitute an order of nominal payments shall be set by the judges of the superior court. Such an order for nominal payments may be modified on motion of either party after hearing and consideration of the judgment debtor's financial circumstances.
Aside from the question of whether the order entered CT Page 674-X in this case was one "for nominal payments pursuant to subsection (c) of [§ 52-356d]",[1] the file in this case contains no evidence that the court, in the judgment, had provided that compliance with the installment payment order should stay any property execution in accordance with subsection (b) of § 52-356d. Thus, although the result appears harsh, in light of what has obviously been a good faith effort on the part of the defendants to abide by the terms of the judgment in this case, this court can find no basis in law for the granting of an exemption from the property execution here. In the future, similarly situated defendants should perhaps consider asking courts to provide specifically that compliance with an installment payment order is to stay any property execution pursuant to the judgment.
For the above reasons, the application for exemption from property execution is denied.
SILBERT, J.